UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ESTATE OF ISMAEL GALVAN SOLORIO, et al, <br><br>  Plaintiffs, <br><br>  v. <br><br> THE ISLAMIC REPUBLIC OF IRAN, et al., <br><br>  Defendants | Civil Action No. 1:23-cv-02660-AHA |

### PLAINTIFFS' JUNE 4, 2025 STATUS REPORT

Pursuant to the Court's May 28, 2025 Minute Order, Plaintiffs submit this status report. Below, Plaintiffs first detail the process undertaken to serve the foreign sovereign defendants, including the protracted (and failed) efforts to serve the three "agency or instrumentality" defendants under 28 U.S.C. § 1608(b). Next, the Plaintiffs propose a plan for completing service of process as well as beginning discovery to facilitate the effective and efficient progression of this case.

**I. Nature of the Case**

Plaintiffs comprise 327 U.S. nationals, members of the U.S. armed forces, and U.S. government contractors (and the family members thereof) killed or injured in 129 terrorist attacks committed in Iraq between November 2, 2003 and November 19, 2011. *See* ECF No. 7, First Amended Complaint ("FAC") ¶¶ 655–2172. Defendants are The Islamic Republic of Iran ("Iran"), Iran's Islamic Revolutionary Guard Corps ("IRGC"), the Iranian Ministry of Intelligence and Security ("MOIS"), Bank Markazi Jomhouri Islami Iran ("Bank Markazi"), Bank Melli Iran ("Bank Melli"), and the National Iranian Oil Company ("NIOC"). *Id.* ¶¶ 51–151.

On March 21, 2024, Plaintiffs filed their First Amended Complaint alleging civil claims

against the Defendants under the state sponsor of terrorism exception to the federal Foreign Sovereign Immunities Act ("FSIA"). *Id*. ¶¶ 25–33 (alleging subject matter jurisdiction under 28 U.S.C. §1605A *et seq*). Plaintiffs request compensatory and punitive damages for their personal injuries and loss of solatium arising from the terrorist attacks, which were committed by Iraq–based terrorist groups that Defendants materially supported as part of a cohesive and coordinated campaign of violence designed to destabilize Iraq and delegitimize the United Nations–sanctioned peacekeeping process taking place in Iraq at the time. *Id*. ¶¶ 158–654, and pp. 371-373 ("Prayer for Relief").

## II. Status of Service of Process

On July 1, 2024, Plaintiffs filed affidavits requesting that the Clerk of Court initiate service of process by foreign mailing to the Defendants pursuant to 28 U.S.C. §§ 1608(a)(3) and (b)(3)(B). *See* ECF Nos. 10, 11. Using the United States Postal Service's ("USPS") Registered Mail International mailing service, the Clerk dispatched six separate service packages (one for each defendant) on July 16, 2024. *See* ECF Nos. 14, 14-1, 15, 15-1.

On September 17, 2024, Plaintiffs filed a Notice of Failed Service describing efforts to serve Defendants Iran, IRGC, and MOIS under 28 U.S.C. § 1608(a)(3). *See* ECF Nos. 16, 16-1, 16-2, 16-3. Plaintiffs then requested that the Clerk serve these defendants through the U.S. Department of State pursuant to 28 U.S.C. § 1608(a)(4). *See* ECF Nos. 17–19. On December 2, 2024, the U.S. Department of State, "assisted by the Foreign Interests Section of the Embassy of Switzerland in Tehran," delivered these service packages to the Iranian Ministry of Foreign Affairs "under cover of diplomatic notes Nos. 1143-IE, 1144-IE and 1145-IE." On January 27, 2025, the Clerk received and docketed the proof of service of process on Defendants Iran, IRGC, and MOIS. *See* ECF. No 20.

Seventy-five days after service through diplomatic channels, and not having received any responsive pleading from Defendants Iran, IRGC or MOIS, Plaintiffs filed an affidavit in support of

2

an entry of default on February 15, 2025. *See* ECF No. 22. The Clerk of Court declared Defendants Iran, IRGC, and MOIS in default on February 18, 2025. *See* ECF No. 23.

With respect to the "agency or instrumentality" Defendants—Bank Markazi, Bank Melli, and NIOC—the Clerk used the USPS Registered Mail International mailing service in accordance with 28 U.S.C. § 1608(b)(3)(B). *See* ECF Nos. 15, 15-1. Immediately after filing this status report, Plaintiffs will also file a notice that this method of service has now failed, describing the effort to track these Defendants' service packages to their respective final destinations, and the failure of the Iranian Postal Service to either deliver or provide adequate proof of delivery to these defendants.

A. **Proposed Plan for Completion of Service**

Plaintiffs propose the following plan to complete service of process upon Defendants Bank Markazi, Bank Melli, and NIOC:

1. **Within 14 days** of entry of an order related to this status report, Plaintiffs will file a motion requesting leave to serve Defendants Bank Markazi, Bank Melli, and NIOC under 28 U.S.C. § 1608(c) using alternative methods (e.g., email) and specifically setting forth a process reasonably designed to put each of the unserved defendants on actual notice of this lawsuit.[1]

2. **Within 5 days** of completing the court-permitted method of alternative service for a particular defendant, Plaintiffs will file notice along with proof of service for the specific defendant(s) so served.

3. **Within 14 days** of the filing of notice and proof of service for the last of the remaining defendants to be served, Plaintiff will file a motion and supporting

---

[1] *See e.g.*, Wise v. Bank Markazi Jomhouri Islami Iran, et al. 1:19-cv-00995-TJK (D.D.C.) (holding that service through means of emailing certain officials of Bank Markazi Jomhouri Islami Iran, Bank Melli Iran, and National Iranian Oil Company, with delivery receipt request, was "reasonably calculated to give actual notice" in accordance with 28 § 1608(b)(3)).

memorandum seeking an order from the Court finding that each of the six defendant has been properly served under 28 U.S.C. §§ 1608(a) and (b), respectively.

To move the case forward during the time it will take to execute the plan to complete service, Plaintiffs intend to propose a discovery plan designed to obtain evidence that is highly probative of their claims and damages so that it can be efficiently organized and promptly presented to the Court following the completion of service of process.

### III. Submission of Proposed Discovery Plan

While Plaintiffs have conducted substantial informal discovery and pre–suit investigation, Plaintiffs will need to engage in third–party discovery prior to submitting their brief and evidence in support of a motion for default judgment. Plaintiffs intend to seek targeted discovery from the U.S. Department of Defense (DOD) and the U.S. Department of Justice (DOJ) to further develop their case and provide evidence supporting their claims that will be "satisfactory to the court" pursuant to 28 U.S.C. § 1608(e).[2]

Therefore, Plaintiffs intend to seek leave to begin discovery along with a proposed discovery plan **within 30 days** of the submission of this status report. The forthcoming Proposed Discovery Plan will be designed in contemplation of the fact that Court has multiple procedural options available to it in determining the most efficient manner for considering Plaintiffs' individual claims and respective evidence. *See, e.g.*, *Karcher v. Islamic Republic of Iran*, 396 F. Supp. 3d 12 (D.D.C. 2019), *Fishbeck, et al. v. Islamic Republic of Iran, et al.* Case No. 1:18-cv-02248-CRC (D.D.C.) and *Cabrera, et al, v. Islamic Republic of Iran.* Case No. 1:19-cv-03835-JDB (D.D.C

---

[2] Additionally, a small number of Plaintiffs worked for government contractors and the employers of government contractors typically require subpoenas before producing those Plaintiffs' personnel files.

2024) (plaintiffs in these cases presented evidence specific to a subset of representative "bellwether attacks" during 2-3 day bench trials after which the court made findings of facts and conclusions of law that guided the submission of evidence for subsequent "waves" or "tranches" of "non-bellwether claims); *cf. Holladay, et al. v. Islamic Republic of Iran, et al.* Case no. 1:17–cv–915–RDM (D.D.C.), *Pennington, et al. v. Islamic Republic of Iran.* Case no. 1:19-cv-00796-JEB (D.D.C.) and *Fissler, et al. v. Islamic Republic of Iran*. Case no. 1:18-cv-03122-CKK (D.D.C.) (finding that in-person bellwether evidentiary hearing was unnecessary and permitting plaintiffs to submit their evidence along with briefing to the court for its consideration).[3]

Following entry of an order permitting plaintiffs to conduct discovery and a schedule/plan for doing so, Plaintiffs intend to serve subpoenas and *Touhy* requests on DOD and DOJ of the same nature and scope as those that have resulted in the efficient production of similar evidence that has been relied upon by courts in other analogous cases. *See*, e.g., *Karcher v. Islamic Republic of Iran*, 396 F. Supp. 3d 12 (D.D.C. 2019); *Holladay, et al., v. Islamic Republic of Iran, et al.*, D.D.C., Case No. 1:17-cv-915-RDM; *Hartwick, et al., v. Islamic Republic of Iran, et al.,* D.D.C., Case No. 1:18-cv-01612-CKK; and *Fishbeck, et al. v. Islamic Republic of Iran, et al.,* D.D.C., Case No. 1:18-cv-02248-CRC.

A proposed order is attached to this Status Report setting out the deadlines requested above for Plaintiffs to file their motions regarding service and a proposed discovery plan.

Dated: June 4, 2025.                              Respectfully submitted,

                                                  */s/ Christopher G. Paulos*
                                                  Christopher G. Paulos
                                                  DC Bar No. 1615782
                                                  Florida Bar No. 0091579

---

[3] Counsel for Plaintiffs here are Counsel in *Holladay* and *Fishbeck*, and are familiar with both the "bench trial" and "paper-only" submission processes. Counsel is currently conducting third–party discovery in a similar manner on behalf of the plaintiffs in *Hartwick, et al. v. The Islamic Republic of Iran, et al.* (D.D.C., case no. 1:18-CV-01612-CKK).

**LEVIN, PAPANTONIO, PROCTOR, BUCHANAN, O'BRIEN, BARR & MOUGEY, P.A.**
316 South Baylen Street, Suite 600
Pensacola, Florida 32502
Telephone: (850) 435–7067
Facsimile: (850) 436–6067
Email: cpaulos@levinlaw.com

*Attorneys for Plaintiffs*