UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ESTATE OF ISMAEL GALVAN SOLORIO, et al.,** )<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>**THE ISLAMIC REPUBLIC OF IRAN, et al.,** )<br>)<br>**Defendants.** )<br>) | Civil Action No. 1:23-cv-02660-CJN |

### RESPONSE TO OCTOBER 9, 2025 MINUTE ORDER

Plaintiffs respectfully submit the following response to the Court's Minute Order dated October 9, 2025, requesting a list of all plaintiffs whose attacks are also the basis for claims in other complaints, and for reasons why the Court should not find those claims related pursuant to LCvR 40.5.

Counsel understands through its other cases that this issue has recently become prominent in this district, and that efforts should always be made to ensure that the resources of the judiciary and the parties are being efficiently used. To provide the Court with as robust an answer as possible, a team of three attorneys, including undersigned, and six staff worked to review cases filed in this district against the Islamic Republic of Iran ("Iran").

Due to the nature of the PACER CM/ECF filing system, running searches using plaintiff names yields incomplete results. For one, it provides no information as to the basis for each plaintiff's claim, i.e. the specific attack for which they are suing Iran. Second, in larger cases the CM/ECF system does not list all plaintiffs, only the first approximately 50. Any Plaintiffs included in the complaint past that will not show on a search in the system. Finally, even if a name comes up the same, it does not mean it is the same person or the same claim.

1

Counsel performed a survey of all cases filed against Iran in this district, reviewed the dockets for the most recent complaint, and began the process of examining those complaints. First to determine if they related to attacks in Iraq from 2003-2011, the time-frame of the attacks contained in the complaint before Your Honor, then further to determine each of the plaintiffs, and for each of them their attack date, location, and weapon used. Out of the 150 cases against Iran located, Counsel was able to review 78 complaints as of the time of this filing.[1] Out of those 78 complaints, there were 1,928 claims for direct personal injuries, and 2,316 claims for loss of solatium (counting plaintiffs filed multiple times over multiple attacks).

Reviewing the allegations themselves is a necessity, as even when a complaint includes a table of contents, it often does not provide sufficient information to see if any attacks in that complaint are the same as in this one. For example, it may say "November 21, 2006 IED attack Anbar Province" the Anbar Province covers from the Syrian border all the way to the outskirts of Baghdad, and includes the cities of Fallujah and Ramadi. Sometimes even in the allegations themselves, the descriptions were just as sparse, and thus not helpful. As such, there is the possibility of some overlap that Counsel was not able to identify based upon the contents of the complaints, but Counsel also believes that to be few and far between, if any at all.

Counsel hopes this explanation assures the Court that Counsel performed a thorough search to identify any instances where attacks were filed in other complaints, and that the Court finds this response satisfactory. Understanding that there are still complaints that need to be reviewed, based on Counsel's initial look at those, they are unlikely to produce many, if any, additional companion cases.[2]

---

[1] Counsel intends to continue the review of the remaining cases and with the Court's permission will supplement the findings set out in this response.
[2] Many of them are cases that involve Khobar Towers, the embassy bombings, or family suing because Iran imprisoned and tortured a loved one.

Attached to this response are two exhibits with the results of the review:

Exhibit A details the cases where Counsel discovered that the Plaintiffs themselves were filed in multiple cases. In some instances, this was the first case they were filed in, other times they were filed in previous complaints. There were 12 total plaintiffs who were filed in multiple cases.[3]

Counsel will be reaching out to counsel for those Plaintiffs, in the other cases, and ensure that voluntary notices of dismissal are filed in one of the two cases.

Exhibit B details the cases where the cases contain allegations related to the same attacks but were filed by different Plaintiffs. The exhibit lists each attack, each direct injured Plaintiff filed in the Case before your Honor, and direct injured Plaintiffs in the other case.

In the time since Counsel first filed other FSIA suits, some of the family members of the injured victims decided they did want to pursue their loss of solatium claims. However given the procedural posture of those earlier cases, amending to add the new family members most likely would have required the lawsuit to be re-served each time a new plaintiff was pled. As that did not seem practical, they were included in this complaint.[4] They are also listed in Exhibit B, along with the direct injured victim upon whom their claim is based.

In two instances, the Estate of Colnot, and Estate of Spencer, some family members of the deceased are represented by Counsel in the case before your honor, and other family members are filed in a different case with other attorneys. As such the solatium claimants and the cases they are filed in are listed for each in Exhibit B as well.

In total, there are 51 "match" attacks to other cases.

---

[3] From Counsel's experience, this isn't uncommon in case types such as these where many Plaintiffs are filing claims. Counsel does always ask if potential Plaintiffs have already engaged other attorneys, but many suffer from TBI and may not remember having signed a contract with another attorney.
[4] Nor did it seem practical to file them in a new complaint and list it as related, for the reasons discussed below.

Counsel in the case before Your Honor are also Counsel in the following FSIA cases in this District:

1. *Holladay et. al. v. Iran et. al.*, 17-915 (RDM) (Consolidated with *Williams et. al. v. Iran. et. al.* 18-2425)

2. *Hartwick et. al. v. Iran et. al.* 18-1612 (CKK)

3. *Fishbeck et. al. v. Iran et. al.* 18-2248 (CRC)

**<u>Related Cases under LCvR 40.5</u>**

The Court specifically asked Plaintiffs why it should not find those cases for which the underlying facts were filed in another matter related, under LCvR40.5. First, for the Plaintiffs filed in multiple complaints, Counsel will ensure that in the coming weeks, voluntary notices of dismissal are filed in one of the two cases, resolving any overlap for those specific plaintiffs.

For the "match" attacks, that are filed in the case before your Honor, and a different plaintiff for the same attack is filed in a separate case, Counsel did not file as this the case before your Honor as a related case for several reasons. To the extent the Court's order requests the reason Counsel did not file this as a related case, Counsel attempted that before with the case of *Fishbeck* and filed it as related to *Hartwick*. That attempt was rebuffed and *Fishbeck* was instead assigned as its own case. (See *Fishbeck v. Iran*, 18-1612, Dkt. No. 3, and Case Assignments dated October 2, 2018). As such, based on experience, it did not seem prudent to Counsel to do so again. Especially so here because the attacks in this matter are related to at least 10 different cases (Counting only the earliest filed case. Some attacks are filed in more than two cases, as shown in Exhibit B).

In addition, Counsel's intention from the start was to ask the Court to take judicial notice of other cases where a Court has already ruled on a particular attack, once the case before your

Honor reaches that stage. Based on experience, that appeared to be the most efficient and straightforward way to proceed.

Further, it would have been highly inefficient for those Plaintiffs to be filed into their own suit to proceed as a related case. Given the difficulties, and expense, in serving defendants, it would have been inefficient to have filed that many additional lawsuits, all of which would have to go through the same motions and serve the defendants. That would be a procedural quagmire and a considerable waste of judicial and party resources.

If the Court were to find those cases related and send them for re-assignment, that is essentially what would happen, as those Plaintiffs would have to be severed from this case and assigned their own case. That would spread those Plaintiffs out across at least 8 different Judges,[5] and there would still be a substantial number of Plaintiffs left in the case before your Honor.

Further, it is likely that the newly minted complaint(s) would have to be served on defendants again at the very least with the notice informing them of the new case number for each. Service on the Islamic Republic of Iran can only be effectuated at present through the State Department at a cost of $2,275 per attempt. It would also be a substantial burden on the State Department and the Clerk of Court.

In addition, it would be inefficient for the Court to simply look for the earliest filed case with a "match" attack and assign all other cases as related. That would be the *Stearns* case, Case No. 17-131, but there are only 4 "match" attacks with Stearns. None of the other cases have any overlap, and as such assigning them all as related to that one would not lighten the burden on judicial resources. Nor do the rules appear to permit the Court to chose which case is related based upon the most common claims. Instead it simply states they are related to the earliest filed.

---

[5] Out of the various cases that would be considered the earliest filed, only *Currier* and *Fishbeck* (Judge Cooper), and *Field* and *Hake* (Judge Kelly) have the same judge. All other cases are assigned to different Judges.

Further, as defendants are in default, there is no prejudice to them by allowing Plaintiffs to proceed together. The only potential prejudice would be to the Plaintiffs for the reasons above.

Overall, severing out the various Plaintiffs into their own separate cases to be re-assigned as related cases would cause more procedural hurdles and delays than allowing them to proceed together as part of one case. Instead, judicial resources would be best preserved, and the Plaintiffs' case most efficiently litigated, by this Court taking judicial notice of the findings in the other cases, where appropriate.

If the Court believes the Plaintiffs should still be designated as related cases and sent for potential re-assignment, Counsel respectfully requests the Court first have a status conference.

Dated: October 16, 2025              Respectfully submitted,

By: */s/ Matthew W. Langenberg*
Matthew W. Langenberg
DC Bar No. CO00119
**BURG SIMPSON**
**ELDREDGE HERSH JARDINE PC**
40 Inverness Drive E
Englewood, CO 80112
Telephone: 303-792-5595
Facsimile: 303-708-0527
Email: mlangenberg@burgsimpson.com